*C. Bates*, for appellant.

*Casady & Tidrick*, for appellee.

———•♦•———

## Goods *v.* The State.

Where liquor was sold by the dram in the grocery store of defendant, by a third party, when defendant was absent from the store, the evidence should show that the grocery was kept for the purpose of selling liquor by the dram; or that it was sold by direction or approbation of defendant, in order to justify a verdict against him.

Appeal <em>from Polk District Court.</em>

*Opinion by* Kinney, J. Indictment for selling liquor by the dram. From the bill of exceptions it appears that

Goods *v.* The State.

the only evidence was that given by Phillip Bizgard, who testified that sometime about the middle of March, 1852, he was at the grocery store of Goods, and that the son of Goods, or Reuben Beary, sold a glass of brandy to Josiah M. Thrift, who went out of the door and asked witness and others to go with him, and that they went and drank the liquor, and that defendant was not present. Upon this evidence the defendant was convicted.

A motion was made for a new trial, which was overruled by the court.

This evidence was not sufficient to convict the defendant, and he was entitled to, and should have obtained, a new trial. By the Code, the retail of intoxicating liquor by "the glass," or "dram," is prohibited, and it also provides that any person engaged therein, or that in any way aids or assists in such illegal traffic, whether as principal or clerk, bar-keeper or otherwise, shall be subject to the penalties therein provided. § 928.

This law was framed for the purpose of preventing all kinds of traffic in intoxicating liquors by the glass, to be drank in or about the premises where sold, and all persons engaged in such traffic, whether as principals, clerks or bar-keepers, may be indicted and punished. The statute is broad, and strikes at the very root of this pernicious traffic, and courts and juries are required to give it such construction as will prevent evasions and subterfuges. While all this is true, and while it is the duty of this court to sustain and carry out all of the valuable purposes of this law, still we are not willing to sanction a judgment rendered upon a verdict without any evidence to authorize it. If it had appeared that evidence was introduced to show that the defendant kept the grocery for the purpose of selling liquor by the glass, or that the person who sold the liquor was in his employ for that purpose, or that he sold it under his direction, or by his approbation, then there would have been some testimony to justify the verdict. It

---

Jewett v. McLelland.

---

is probable that the store was kept for a purpose entirely lawful, and that the sale of intoxicating liquor was no part of the business of Goods, the principal, and that the liquor from which the young man sold the "dram" was never intended by the defendant to be appropriated for traffic.

The prosecution should have connected Goods with the sale in some way as principal, or as having violated by his own act the law, before he should have been convicted. There cannot be any doubt, but that from the testimony the law was violated, but it is equally clear that there was no evidence against the defendant, and the court should have granted a new trial.

Judgment reversed.

*Curtis Bates*, for app ellant.

*P. M. Casady*, for the state.